No. 25-30297

# In the United States Court of Appeals for the Fifth Circuit

HIRAN RODRIGUEZ,

*Plaintiff-Appellant,*

*v.*

META PLATFORMS, INCORPORATED; APPLE, INCORPORATED; T-MOBILE USA, INCORPORATED; AT&T ENTERPRISES, L.L.C.; KANSAS CITY SOUTHERN RAILWAY COMPANY; LCMC HEALTHCARE PARTNERS, L.L.C.; THIRD DISTRICT VOLUNTEER FIRE DEPARTMENT; GRAY LOCAL MEDIA, INCORPORATED; ASSOCIATED PRESS; JEFFERSON PARISH; JEFFERSON PARISH SHERIFF'S OFFICE; JOSEPH P. LOPINTO, III, SHERIFF; ANDRES FUENTES; GLORIA PAZMINO; SUSANNE RUST; RYAN MCCAFFERTY; PAUL MACINNES; JONATHAN LIEW; JAMES OCHOA; DEMICIA INMAN; JAMIE SPANGHER; MAYA GEBEILY; VERSHA SHERMA; ELON MUSK, CHIEF EXECUTIVE OFFICER X CORPORATION; MARK ELLIOT ZUCKERBERG, CHIEF EXECUTIVE OFFICER META PLATFORMS, INCORPORATED; UNIDENTIFIED PARTIES; HALELUYA HADERO; X

CORPORATION, A NEVADA CORPORATION, AGENT OF TWITTER,

INCORPORATED,

*Defendants-Appellees.*

_____

On Appeal from the United States District Court
for the Eastern District of Louisiana, Case No.
2:25-cv-00197-JCZ-DPC

**EMERGENCY MOTION TO DISQUALIFY JUDGE JAY C. ZAINEY AND MAGISTRATE JUDGE DONNA P. CURRAULT ON REMAND**

I. <u>INTRODUCTION</u>

Appellant Hiran Rodriguez respectfully moves this Court, pursuant to 28 U.S.C. §§ 144 and 455, to order that, in the event of remand, this case be reassigned to a different Article III district judge and a different magistrate judge.

The record demonstrates that both Judge Jay C. Zainey and Magistrate Judge Donna P. Currault must be disqualified to preserve the appearance and reality of judicial impartiality, and to ensure the integrity of further proceedings.

II. <u>BACKGROUND</u>

This action, *Rodriguez v. Meta Platforms, Inc., et al.*, No. 2:25-cv-00197-JCZ-DPC (E.D. La.), was presided over by Judge Zainey and referred for pretrial matters to Magistrate Judge Currault. During the proceedings, Appellant filed a timely motion

to recuse Judge Zainey (Rec. Doc. 91), citing a pattern of bias, procedural irregularity, and improper ex parte coordination with the Clerk's Office.

Judge Zainey denied the recusal motion and continued to preside, issuing dispositive orders including Rec. Docs. 186, 187, 223, 224, and 235, and imposing a hard-copy-only filing ban that functionally denied Appellant access to the court.

Magistrate Judge Currault, who issued the Report and Recommendation (Rec. Doc. 137), previously presided over *Lou v. Lopinto*, No. 21-80 (E.D. La.), a case involving the same law enforcement defendants (Jefferson Parish Sheriff's Office, Sheriff Joseph Lopinto III) and similar legal issues (ADA, law enforcement conduct, and civil rights).

Judge Currault's prior involvement in *Lou v. Lopinto* creates an appearance of partiality and prior knowledge of disputed facts that are central to Appellant's claims in this case.

### III. ARGUMENT

I. Disqualification Is Required Under 28 U.S.C. §§ 144 and 455

Section 455(a) mandates that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) further requires disqualification for personal bias, prior involvement as counsel, or other specific grounds

. Section 144 provides that upon the filing of a timely and sufficient affidavit of bias, the challenged judge "shall proceed no further." See *United States v. Sibla,* 624 F.2d 864, 867 (9th Cir. 1980).

## II. Prior Involvement in Related Litigation Requires Recusal

A judge's prior involvement in a related case may require recusal if it creates an appearance of partiality or if the judge acquired personal knowledge of disputed facts. See *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).

Magistrate Judge Currault's role in *Lou v. Lopinto*, which involved the same law enforcement defendants and similar ADA and civil rights issues, creates a reasonable question as to her impartiality in this case.

## III. Due Process and the Right to an Impartial Tribunal

The Supreme Court has held that "the right to a fair trial before an impartial judge is fundamental." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). The Fifth Circuit has similarly recognized that a judge must recuse himself when a party files a timely and sufficient affidavit of bias. *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995).

## IV. The Record Here Compels Reassignment

The record in this case demonstrates a pattern of bias, procedural irregularity, and the appearance of partiality. Judge Zainey's refusal to recuse after a timely motion, and Magistrate Judge Currault's prior involvement in Lou v. Lopinto, together create

an appearance of partiality that cannot be ignored. Reassignment is necessary to preserve public confidence in the integrity of the judiciary and to ensure that further proceedings are conducted before a neutral tribunal.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court grant this motion and order that, in the event of remand, this case be reassigned to a different Article III district judge and a different magistrate judge. Appellant further requests such other and further relief as the Court deems just and proper.

## RESERVATION OF RIGHTS AND NON-CONSENT DECLARATION

Appellant expressly reserves all rights, remedies, and protections secured under the Constitution and laws of the United States, including but not limited to those under the First, Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments.

 No waiver of any such rights—either substantive or procedural—is intended or implied by the filing of this motion or any previous or future participation in this case.

Appellant further declares that he does not consent to any proceedings, orders, or requirements that are contrary to or beyond the lawful authority of the Court or that violate his constitutional rights.

By submitting this motion, Appellant does not consent to the jurisdiction of any magistrate judge on any dispositive matter, and he reserves the right to challenge ex

post facto any act which exceeds the Court's jurisdiction or contravenes due process. All objections and exceptions are preserved to the fullest extent of the law.

### DECLARATION UNDER PENALTY OF PERJURY

I, Hiran Rodriguez, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing motion and all factual assertions contained herein are true and correct to the best of my knowledge and belief.

Executed on July 23, 2025, in Metairie, Louisiana.

### CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2025, I electronically served a true and correct copy of this motion on all counsel of record via the Court's electronic filing system and/or by email as required by the Court's procedures.

*/s/ Hiran Rodriguez*

**HIRAN RODRIGUEZ**

*Pro Se* **Appellant**

(504) 203-8459

Dated: July 23, 2025