No. 25-30297

# In the United States Court of Appeals for the Fifth Circuit

HIRAN RODRIGUEZ,

*Plaintiff-Appellant,*

v.

META PLATFORMS, INCORPORATED; APPLE, INCORPORATED; T-MOBILE USA, INCORPORATED; AT&T ENTERPRISES, L.L.C.; KANSAS CITY SOUTHERN RAILWAY COMPANY; LCMC HEALTHCARE PARTNERS, L.L.C.; THIRD DISTRICT VOLUNTEER FIRE DEPARTMENT; GRAY LOCAL MEDIA, INCORPORATED; ASSOCIATED PRESS; JEFFERSON PARISH; JEFFERSON PARISH SHERIFF'S OFFICE; JOSEPH P. LOPINTO, III, SHERIFF; ANDRES FUENTES; GLORIA PAZMINO; SUSANNE RUST; RYAN MCCAFFERTY; PAUL MACINNES; JONATHAN LIEW; JAMES OCHOA; DEMICIA INMAN; JAMIE SPANGHER; MAYA GEBEILY; VERSHA SHERMA; ELON MUSK, CHIEF EXECUTIVE OFFICER X CORPORATION; MARK ELLIOT ZUCKERBERG, CHIEF EXECUTIVE OFFICER META PLATFORMS, INCORPORATED; UNIDENTIFIED PARTIES; HALELUYA HADERO; X CORPORATION, A NEVADA CORPORATION, AGENT OF TWITTER, INCORPORATED,

*Defendants-Appellees.*

On Appeal from the United States District Court, Eastern District of Louisiana, No. 2:25-CV-197, Honorable Jay C. Zainey, Presiding

**APPELLANT'S EMERGENCY MOTION TO SUPPLEMENT THE RECORD, FOR JUDICIAL NOTICE, AND ALTERNATIVELY FOR PROTECTIVE RELIEF**

NOW INTO COURT comes Hiran Rodriguez, *pro se*, respectfully moving for immediate relief under Federal Rule of Appellate Procedure 10(e)(2), Federal Rule of Evidence 201, and the All Writs Act, 28 U.S.C. § 1651. Appellant seeks leave to supplement the record—or, in the alternative, judicial notice—of newly emerged evidence proving ongoing retaliation, unlawful surveillance, ADA violations, suppression of exhibits below, and intimidation perpetrated during the pendency of this appeal. All supporting documentation is incorporated by reference through the Exhibit Index infra and will be produced in whatever form the Court directs.

## I. INTRODUCTION AND EMERGENCY BASIS

After the filing of the Opening Brief, Appellant has documented a continuing pattern of digital and physical harassment orchestrated by the same public- and private-entity defendants whose conduct is at issue in this appeal. The new evidence spans: (1) railroad, ambulance, and fire-rescue noise attacks; (2) covert digital surveillance confirming Meta's backend tracking of Appellant's devices; (3) firewall logs showing persistent, unauthorized attempts by Meta, Apple, and related SDK networks to communicate with Appellant's devices; (4) suppression of exhibits in the district court record; and (5) "do-not-contact" warnings from defense counsel calculated to chill Appellant's access to police protection and public records. These matters go to the heart of Appellant's First, Fourth, and Fourteenth-Amendment claims and directly affect the fairness and completeness of appellate review.

## II. LEGAL FRAMEWORK

1. FRAP 10(e)(2) permits supplementation where material was omitted "by error or accident," yet the Fifth Circuit recognizes a narrow equitable allowance for extraordinary circumstances that threaten an incomplete or misleading record. *Karaha Bodas Co. LLC v. Perusahaan Pertamban*, No. 02-20042 (5th Cir. May 9 2003) [1]; *United States v. Herbert Anderson*, 712 F. App'x 383 (5th Cir. 2017) [2]

2. FRE 201 authorizes judicial notice of public filings, agency correspondence, and other facts "not subject to reasonable dispute."

3. Under the All Writs Act, this Court may enter any order "in aid of its jurisdiction," including protective directives necessary to prevent obstruction or spoliation while an appeal is pending.

4. The Court's inherent equitable authority extends to accepting post-judgment evidence or, if appropriate, remanding for limited fact-development where subsequent events bear directly on issues before it. *Gibson v. Blackburn*, 744 F.2d 403 (5th Cir. 1984) [3]

### III. FACTUAL GROUNDS FOR RELIEF

**A. Physical-World Retaliation**

Targeted horn blasts by New Orleans Public Belt ("NOPB") locomotives (August 16 2025) and Canadian National/KCS engines (multiple dates) documented in sworn complaints, photographs, and FRA submissions. – Ambulance Unit #156 (LCMC Health) and TDVFD fire-rescue vehicles engaging in late-night siren "chirps" and street-level intimidation.

**B. Digital Surveillance—Meta Logs** – Forensic capture from Appellant's iOS device shows Instagram/Facebook "health_check" API calls and QPL streaming hooks initiated without user action (Exhibit C).

C. **Digital Surveillance—Firewall ("Do Not Track") Archive** – A September 4, 2025 firewall export (Forensic Archive_2025-09-04) identifies **451,600** blocked tracker attempts, dominated by Meta and Apple domains:
• `rupload.facebook.com`, `edge-mqtt.facebook.com`, `graph.facebook.com`, `api.facebook.com`, `external-hou1-1.xx.fbcdn.net` •Apple telemetry (`iphone-ld.apple.com`, `configuration.ls.apple.com`, etc.)   The blocks are time-stamped in bursts that align with physical-world events (e.g., minutes before or after horn/siren attacks), establishing a credible digital-to-physical link between defendants' telemetry and live harassment. The raw PNG log set, hash-verified, is appended in Exhibit 18 of the Index.

**D. Suppression of Exhibits Below** – The Eastern District of Louisiana removed key exhibits from the docket, skewing dispositive rulings and leaving the appellate record incomplete.

**E. Intimidation by Defense Counsel** – Counsel for certain public-entity defendants instructed Appellant "not to contact" the sheriff's office or related agencies, creating chilling effects on his right to seek police protection and public records. Although the Louisiana ODC declined disciplinary action, the conduct remains prejudicial and is preserved for appellate scrutiny.

## IV. RELIEF REQUESTED

Appellant respectfully requests that the Court:

1. GRANT leave, out of time, to supplement the record with every document referenced in the Exhibit Index, including the September 4 2025 firewall archive evidencing persistent surveillance attempts;

2. In the alternative, TAKE JUDICIAL NOTICE of all official complaints, agency correspondence, and public filings referenced herein;

3. FORMALLY NOTE the ongoing intimidation and communication restrictions imposed by defense counsel as potential interference with Appellant's rights;

4. ENTER any protective or interim order—up to and including limited remand or targeted subpoenas—necessary to secure evidence and deter further retaliation; and

5. GRANT such further relief as justice may require.

Respectfully submitted,

*/s/Hiran Rodriguez*

HIRAN RODRIGUEZ

September 4, 2025

## DECLARATION OF HIRAN RODRIGUEZ (28 U.S.C. § 1746)

I declare under penalty of perjury:

1. All facts stated in this motion are true to the best of my knowledge.

2. The attached firewall archive shows hundreds of thousands of blocked Meta and Apple tracking attempts, frequently coinciding with physical-world harassment incidents.

3. All documents listed in the Exhibit Index are authentic, hash-verified, and available for immediate inspection.

Executed September 4 2025, Jefferson Parish, Louisiana.

*/s/ Hiran Rodriguez*

## EXHIBIT INDEX (INCORPORATED BY REFERENCE)

1. Exhibit A – Basis of Claim – FTCA Administrative Claim – Federal Railroad Admini.pdf

2. FRA_Complaint_Rodriguez_2025-08-16.pdf

3. FRA_NOPB_CN_Violation Report Submission Received_2025-08-23.pdf

4. Exhibit_A_911_Call_2025-07-24 (1).pdf

5. Exhibit_C_Meta_Surveillance_Logs..pdf

6. Formal Notice – Ongoing Harassment and Identified Crew Misconduct.pdf

7. Formal Complaint and Evidence Preservation Demand – CN & KCS Engine Activity.pdf

8. Complaint Submission – NOPB Locomotive 2006 Incident.pdf

9. Exhibit_Covers_With_Hashes.pdf

10. Exhibit_S-4_LCMC Health HR Emails.pdf

11. 2025-07-18_CN(IC)_Letter.pdf

12. NOPB_Complaint_Evidence (1).pdf

18. Forensic_Archive_2025-09-04 (Do Not Track Firewall).pdf

(Index open for supplementation; all items available upon Court request.)

## CERTIFICATE OF SERVICE

I certify that on September 4, 2025, I filed the foregoing motion with the Clerk of the Court via the CM/ECF system, which will send notice to all registered counsel of record.

*/s/ Hiran Rodriguez*

**HIRAN RODRIGUEZ,**

(504) 203-8459

*Pro Se* **Appellant**

Dated: September 4, 2025